GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

☒ FILED  ☐ LODGED
JUN 15 2022
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 21-01791-TUC-RCC (LCK) |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Martin Trinidad-Solano, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

### PLEA

1. The defendant agrees to plead guilty to the Indictment, which charges the defendant with Assault on a Federal Officer, a felony, in violation of Title 18, United States Code, Section 111(a), a class C felony.

### STIPULATIONS, TERMS AND AGREEMENTS

#### Maximum Penalties

2. A violation of 18 U.S.C. § 111(a) is punishable by a maximum fine of $250,000.00, a term of imprisonment of up to eight (8) years, or both, plus a term of supervised release up to three (3) years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special

assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

## Agreements Regarding Sentence

3. Pursuant Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

(1) 4 - 14 months imprisonment if the defendant is in CH category I;

The above stipulated sentencing ranges are based on U.S.S.G. § 2K2.1:

| | | |
|---|---|---|
| Base Offense Level | § 2A2.4(a) | 10 |
| Physical Contact | § 2A2.4(b)(1)(A) | +3 |
| Government Savings | § 5K2.0 | +0/-2 |
| Acceptance of Responsibility | § 3E1.1(a) | -2 |
| Total Adjusted Offense Level: | | 11/9 |

4. **Both parties may argue for any sentence within the terms of this agreement.**

5. **If the defendant is in Criminal History Category II or higher, the government reserves the right to withdraw from this agreement.**

6. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

7. The defendant shall have no contact with the victim(s), as set forth in the indictment, directly or indirectly. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to Title 18, Section 16.[1] Therefore, under Title 18, Sections 3663A(a)(1), (c)(1)(A)(I) and 3771(6), the victim(s), as named in the indictment, are entitled to mandatory restitution, and the Presentence Report should include an assessment regarding restitution. The restitution could include medical bills, costs associated with past

---

[1] A crime of violence is defined as "(a) an offense that has as an element the use, attempted use or threatened use of physical force against the person or property of another; or (b) any other offense that is a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

or future counseling for the victim(s) related to the offense of conviction, as well as additional expenses incurred by any victims as a result of the acts of the defendant pertaining to this offense. Further, as the offense(s) of conviction are crimes of violence, the Presentence Report should also include a victim impact statement, if the victim(s) are willing to make one. Lastly, the victim(s) should be allowed to address the Court at the sentencing of this matter if they desire to do so pursuant to Title 18, Section 3771.

8. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

9. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing.

## Immigration Consequences

10. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

## Plea Addendum

11. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any may not be in the public record. The United States may file a Plea Addendum in this case, even

though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises or representations exist beyond the terms of this plea agreement.

## Waiver of Defenses and Appeal Rights

12. Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence-including the manner in which the sentence is determined and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed three years probation.

13. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of

"prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

14. Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

15. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Disclosure of Information to U.S. Probation Office

16. The defendant understands the United State's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

17. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment

condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

Effect of Other Proceedings

18. This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

19. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

## **WAIVER OF DEFENDANT'S RIGHTS**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS OF THE OFFENSE

### Assault on a Federal Officer

1. The defendant intentionally struck or wilfully attempted to inflict injury upon a Federal law enforcement officer, or made a threat coupled with an apparent ability to inflict injury upon a Federal law enforcement officer, which caused a reasonable apprehension of immediate bodily harm.

2. The defendant committed the assault while the Federal law enforcement officer was engaged in, or on account of his or her official duties.

3. The defendant made physical contact with the Federal law enforcement officer during the assault.

## FACTUAL BASIS AND SENTENCING FACTORS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

On July 1, 2021, at or near Douglas, Arizona, in the District of Arizona, United States Border Patrol Agent (BPA) M.B. encountered MARTIN TRINIDAD-SOLANO, who was suspected of entering the United States illegally. Before and during the encounter, the BPA identified himself as a federal agent in Spanish and was clearly dressed as such. MARTIN TRINIDAD-SOLANO refused to comply with BPA M.B.'s lawful orders and fought the agent. While the agent attempted to take the defendant into

custody, the defendant went beyond resisting arrest, and intentionally and forcibly grasped BPA M.B. by the genitals, causing considerable pain. MARTIN TRINIDAD-SOLANO only relinquished his grasp on the agent's genitals after the agent deployed force in response and ordered the defendant to let go. Other agents then arrived and forcibly took MARTIN TRINIDAD-SOLANO into custody.

05.23.2022
Date

_____
MARTIN TRINIDAD-SOLANO
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

05.23.2022
Date

_____
F. MICHAEL CARRILLO, Esq.
Attorney for Defendant

//

//

//

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

*Digitally signed by ADAM ROSSI*
**ADAM ROSSI**
Date: 2022.05.18 13:28:40 -07'00'

_____  _____
Date                                              ADAM D. ROSSI
                                                          Assistant United States Attorney